IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN BALL, | ) | CASE NO. 1:05 CV 2120 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARC HOUK, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before me by referral[1] is the *pro se* petition of Kevin Ball for a writ of habeas corpus

pursuant to 42 U.S.C. § 2254.[2]  Ball was convicted in May, 2002, after a jury trial in the Erie

County Common Pleas Court, of three counts of rape, which had been merged with one count

of kidnapping and one count of intimidation.[3]  He was sentenced to a total term of 35 years

---

[1] ECF # 6.  The case was originally assigned to the late Judge John M. Manos, who made the initial referral.  It has subsequently been re-assigned to Judge Donald C. Nugent. *See*, non-document entry of July 12, 2006.

[2] ECF # 1.

[3] *State v. Ball*, No. E-02-024, 2004 WL 1125193, at *3 (Ohio App. 6 Dist. May 14, 2004); *see also*, ECF # 9, Ex. 6.  Because the exhibit markings on the state record as filed by the state are not identical to the exhibit numbers in the electronic filing system – the state appeals court decision is Ex. 11 in the state record and Ex. 6 in ECF – future references to the decision in this report are to Westlaw.  A copy of the Westlaw decision is provided to the District Judge for his convenience.

in prison on all counts[4] and found to be a sexual predator.[5]  He is currently incarcerated at the Ohio State Penitentiary.[6]

In this petition, Ball asserts five grounds for relief:  (1) that the trial court violated his right to due process in not holding a hearing on his motion for a new trial; (2) that he was denied due process and a fair trial due to prosecutorial misconduct in closing arguments; (3) that the verdict was against the weight of the evidence/not supported by sufficient evidence; (4) that the record does not support classifying him as a sexual predator; and (5) that the trial court abused its discretion in imposing the maximum sentence.[7]

The State, in response, argues that (1) Ball's first ground concerning the failure to hold a hearing on a motion for a new trial is non-cognizable in a federal habeas proceeding; (2) the second ground is procedurally defaulted because he made no contemporary objection to any prosecutorial misconduct at trial; (3) the decision of the state appeals court finding sufficient evidence to convict Ball is not contrary to clearly established federal law; (4) the claim arising from his classification as a sexual predator is non-cognizable in a federal habeas court; and (5) the claim relating to sentencing is also non-cognizable in a habeas

---

[4] *Ball*, 2004 WL 1125193, at *4.

[5] *Id.*, at *7.

[6] *See*, ECF ## 19, 21 (change of address notices filed by Ball).  Ball has also moved (and the Court has granted by non-document order of 10/31/2007) that the caption on this matter be amended to reflect the identity of the warden at the Ohio State Penitentiary. ECF # 22.

[7] ECF # 1 at 4-6.

proceeding since it involves a challenge to the state's sentencing procedure, not a federal constitutional claim.[8]

Ball has not filed a traverse.  Ball has, however, moved that consideration of this petition be stayed so that he might seek to reopen his state appeal to assert a new claim, not present in the federal habeas petition in this case, concerning the ineffectiveness of his appellate counsel.[9]

For the reasons that follow, I recommend dismissing the petition in part and denying it in part.

## II.  Facts

### A.  The underlying offense and trial

The facts as found by the state appellate court[10] are relatively straightforward.[11]  The victim, an 18 year-old female, left a party at a private home where she had been drinking beer

---

[8] ECF # 9.

[9] ECF # 20.  That motion to stay was denied in a non-document entry since there are no unexhausted claims now before this Court, nor proposed as an amended petition, as would warrant staying a "mixed" habeas proceeding while those unexhausted claims proceed through state court.  *See*, *Rhines v. Weber*, 544 U.S. 269, 271 (2005); *Poindexter v. Mitchell*, 454 F.3d 564, 570 n.2 (6th Cir. 2006) ("[C]ourts now have discretion to stay a *mixed* habeas petition to allow a petitioner to present his unexhausted claims to the state court and then return to federal court.") (emphasis added, citing *Rhines*).

[10] Facts found by the state appeals court on its review of the state trial record are presumed correct by the federal habeas court.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[11] The factual summary provided here is distilled from the more extensive factual statement found in the state appellate opinion. *Ball*, 2004 WL 1125193, at *1-*4.

and smoking marijuana, but not to the point of intoxication, around 11:00 p.m.  She encountered Ball, age 33, when she went outside to her car.  He invited her to accompany him in his car to Vermillion, Ohio, to get something to eat, and she accepted.

Once underway, however, instead of proceeding to Vermillion, Ball turned the car onto a dirt road and into a ditch.  The victim asked to return to the party, and Ball agreed but told her that, since his door was stuck, they would both need to exit his car from the passenger side.

Ball then attacked the victim as she was attempting to leave the vehicle.  He struck her on her head, face, nose, and jaw; pushed her to the ground, and ripped off her pants and underwear.  As Ball was removing his clothes, the victim managed to run back to the car, where she attempted to lock herself inside.

Ball, however, reached the car before she could lock the doors.  He threatened to slit her throat or stab her with a knife is she did not do what he told her to do.  Ball forced the victim to perform oral sex on him while in the passenger seat and then pushed her out of the car onto the ground where he performed oral sex on her.

The victim then pleaded with Ball to use a condom she had in her purse before penetrating her and repeatedly asked him to stop.  She was unsure of whether he did actually use the condom when he penetrated her.

After the rape was over, both parties began to put their clothes back on, but before the victim could locate her shoes, Ball grabbed her by the arm and began walking back to the party.  Ball told the victim that he was concerned that he could return to prison if it became known what he had done.  Because he had previously threatened her, the victim assured Ball

that she would not tell anyone about the events that night.  Ball, who stated that he had some cocaine to pick up, permitted the victim to walk back alone, provided that she walked through the woods and not on the road where she could be seen by a deputy sheriff.

The victim did arrive back at the party, where one of her friends testified that the crotch area of the victim's pants had been ripped out and she was not wearing shoes.  She was crying hysterically and her face was red and swollen.  The victim told friends that Ball had struck her and raped her.  Although she initially did not want to report this, proposing instead to say that she had been in a fight, she was prevailed upon after an hour of conversation with those friends to report the rape.

The rape was reported at around 2:45 a.m., and the deputy sheriff who took the report testified that the victim's clothes were torn and that she had observable facial injuries.  He sent the victim to a sexual assault care unit at a local medical center.

Similar to the deputy's report, the treating nurse that night at the medical center testified that she observed that the victim's nose, left cheek, and right ear had visible injuries.  She also performed a rape examination on the victim, which disclosed that there was bruising in the vaginal area, as well as residue of sand and dirt present in the genital area.  The nurse, using a rape kit, swabbed the victim's body.  Those swabs and the victim's underwear were later tested at Ohio's Bureau of Criminal Investigation lab where they disclosed the presence of semen containing Ball's DNA.

A detective from the Erie County Sheriff's Office interviewed the victim at the health center that night.  He testified at trial that her facial injuries were beginning to swell up, that

-5-

she was visibly upset, but talking quietly, and that she did not appear to be intoxicated or under the influence of drugs.

At the crime scene, investigators found a condom wrapper, a pair of sandals, a pack of cigarettes and Ball's Ford Mustang.  An examination of the car did not find a condom inside nor did it disclose the presence of any bodily fluids on the seats.  The victim herself, using photographs, did positively identify Ball as the person who raped her.

As a result of this identification, Ball was arrested.  He initially told detectives that he had no contact with the victim that night but later admitted to having seen her in her car. He also admitted having been at the party and using alcohol, marijuana, and Oxycontin. During this interview with detectives, Ball denied having sex with the victim or anyone else that night.

At trial, however, Ball changed his story and testified that he had consensual sex with the victim in the passenger seat of his car.  He testified that he had worn a condom and that he had discarded it on the floor of his car.  He stated that he did not remember having told the detective that he had no contact with the victim that night.

During closing arguments, the victim began to cry as Ball's attorney began to attack the victim's version of the facts.[12]  As she was leaving the courtroom, a conversation took

---

[12] Defense counsel was arguing to the jury that the lack of any injuries to the victim's feet in the report of the examining nurse that night was inconsistent with the victim's testimony that she had walked barefoot through the woods and across a railroad track back to the party.  *See*, ECF # 9, Ex. 1 (State Ex. 4) at 2.

place between the victim's father and defense counsel that was recorded on tape.  The

appeals court opinion recounted that conversation as follows:[13]

> Defense counsel:     That's understandable.
>
> Participant:   Yeah.
>
> Defense counsel:     It really is.
>
> Participant:   Yeah, sure it is.
>
> Defense counsel:     Absolutely.
>
> Participant:   (Inaudible).
>
> The Court:     Just one moment counsel.  Keep your conversation to the back, not to the people sitting in the (inaudible).
>
> Defense counsel:     I'd like the record to show –
>
> The Court:     Just –
>
> Defense Counsel:     – what's going on here.
>
> The Court:     (Inaudible).
>
> Defense Counsel:     You, the jurors ***

The case was submitted to the jury, which found Ball guilty on all counts.  Prior to

sentencing, Ball filed a motion for a new trial based on his assertion that the outburst of the

victim during closing arguments, related above, and the "sarcastic" response of her father to

defense counsel's comment that it was to be expected that the victim would react

---

[13] In his state appellate brief, Ball offers a slightly different record of this event, particularly, showing that the victim was crying throughout.  *See*, *e.g.*, ECF # 9, Ex. 3 (State Ex. 9) at 2-3.  Because the facts as found by the state appeals court are the ones presumed correct here, and because the differences between those facts and the version appearing in Ball's appellate brief are minor, the state appeals court version is given here.

emotionally, prevented Ball from having a fair trial.[14]  The State filed a response,[15] and the motion was denied without a hearing.[16]

On the same day as the motion for new trial was denied, the trial court conducted a sentencing hearing that also considered declaring Ball a sexual predator.[17]  As noted, at the conclusion of that hearing Ball was found to be a sexual predator and was given the maximum sentence for each rape count and for the intimidation count, all four sentences to be served concurrently for a total term of 35 years imprisonment.[18]

**B.      Direct state appeals**

Ball timely appealed to the Ohio appeals court, raising the following five assignments of error:

1.      The trial court erred in failing to conduct a hearing on appellant's motion for a new trial based on witness misconduct pursuant to Rule 33(A)(2).

2.      Appellant was denied a fair trial due to both prosecution witness misconduct and prosecutor misconduct during closing argument.

3.      The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence.

---

[14] ECF # 9, Ex. 1 (State Ex. 4).  I note again that the ECF exhibit numbers are not identical to the exhibit numbers assigned by the State to the various portions of the state record attached to the return of writ and referred to by the State in its return.

[15] *Id.* (State Ex. 5).

[16] *Id.* (State Ex. 6).

[17] *Id.* (State Ex. 7).

[18] *Id.*

4.      The record does not support the trial court's classification of appellant as a sexual predator pursuant to R.C. 2950.09.

5.      A)      The trial court abused its discretion when it sentenced defendant/appellant to the maximum terms of incarceration.

        B)      The trial court abused its discretion when it sentenced the defendant/appellant to maximum consecutive terms.[19]

The State responded in opposition,[20] and the state appellate court overruled all of Ball's assignments of error, affirming the conviction and sentence, and finding that Ball is a sexual predator.[21]

Ball, *pro se*, thereupon filed a timely memorandum in support of jurisdiction with the Supreme Court of Ohio seeking a review of the appellate decision.[22]  There, Ball advanced the following five propositions of law:

1.      It is a constitutional violation when a trial court errors [sic] in failing to conduct a hearing on appellant's motion for a new trial based on witness misconduct pursuant to Rule 33(A)(2).

2.      Appellant was denied a fair trial and due process due to both prosecution witness misconduct and prosecutor misconduct during closing argument.

3.      The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence.

4.      The record does not support the trial court's classification of the appellant as a sexual predator pursuant to R.C. 2950.09.

---

[19] *Id*. Exs. 2-4 (State Ex. 9).

[20] *Id*., Ex. 5 (State Ex. 10).

[21] *Id*., Ex. 6 (State Ex. 11); *see also*, *Ball*, 2004 WL 1125193.

[22] *Id*., Ex. 7 (State Ex. 13).

5.     (A)     The trial court abused its discretion when it sentenced appellant to the maximum terms of incarceration.

        (B)     The trial court abused its discretion when it sentenced appellant to maximum consecutive terms.[23]

The State filed a memorandum in opposition,[24] and, on October 13, 2004, the Ohio Supreme Court denied leave to appeal, dismissing the matter as not involving a substantial constitutional question.[25]  Ball did not seek a writ of certiorari from the United States Supreme Court.

## C.   Federal habeas petition

On September 2, 2005, Ball, *pro se*, filed his present petition for a writ of habeas corpus, asserting the following five grounds for relief:

GROUND ONE:     It is a constitutional violation when a trial court errors [sic] in failing to conduct a hearing on appellant's [sic] motion for a new trial based on witness misconduct.

Supporting facts:     Due process, guaranteed by Section 16, Article I of the Ohio Constitution and the 5th Amendment to the United States Constitution is denied when a trial court fails to conduct a hearing on an appellant's [sic] motion for a new trial based on witness misconduct.

GROUND TWO:     Appellant [sic] was denied a fair trial and due process due to prosecution witness misconduct and prosecutor misconduct during closing argument.

---

[23] *Id.*

[24] *Id.*, Ex. 8 (State Ex. 14).

[25] *Id.* (State Ex. 15).

-10-

Supporting facts:     Criminal defendants are entitled to a fair trial under both the Ohio Constitution, Article I, Section 10 and the 5, 6 and 14 Amendments to the United States Constitution. The chief prosecution witness interrupted defense counsel at the most critical point in his closing argument.

GROUND THREE: The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence.

Supporting facts:     There is a complete lack of evidence in the record to support a conviction for a violation of R.C. 2921.04(B), intimidation.

GROUND FOUR:     The record does not support the trial court's classification of the appellant [sic] as a sexual predator pursuant to R.C. 2950.09.

Supporting facts:     The state and court have failed to establish that the appellant [sic] is a sexual predator by clear and convincing evidence and labeling him as such denied him his constitutional right to due process and equal protection under the laws.

GROUND FIVE:     The trial court abused its discretion when it sentenced the appellant [sic] to maximum and consecutive terms of incarceration.

Supporting facts:     The sentencing court did not comply with any of the sentencing statutes set forth by the Ohio legislature when it failed to make the proper findings of fact and conclusions of law required to impose maximum and concurrent [sic] sentences.[26]

## D.     Return of writ

The State filed a return of writ[27] alleging that:

---

[26] ECF # 1 at 4-6.

[27] ECF # 9.

1.    Ball's first ground for relief – the failure of the trial court to hold a
      hearing on Ball's motion to dismiss – is non-cognizable in a federal
      habeas proceeding since whether or not to hold a hearing is a matter of
      state law.[28]  Further, the State contends that any issue that may be
      cognizable here has been procedurally defaulted because no objection
      to the lack of a hearing was made to the trial court, creating a waiver
      that was recognized and enforced on appeal.[29]

2.    Ball's second ground for relief – the purported misconduct of the victim
      and the prosecutor – is also procedurally defaulted because, as with the
      first ground, no contemporaneous objection was made at trial, resulting
      in a situation where the state appeals court, which cited to the lack of
      a contemporaneous objection at trial, could not reach the merits of his
      claim, but could review only for "plain error."[30]  In addition, the State
      maintains that the state appeals court decision as to ground two was
      neither contrary to nor an unreasonable application of clearly
      established federal law.[31]

3.    As to Ball's third ground for relief – relating to the sufficiency of the
      evidence to support a conviction for intimidation – the State argues that
      the decision of the state appeals court finding sufficient evidence to
      support a conviction was not an unreasonable application of clearly
      established federal law.[32]

4.    The State contends that Ball's fourth ground – his classification as a
      sexual predator – has been definitively held to be non-cognizable in a
      habeas proceeding by the Sixth Circuit, and so should be dismissed.[33]

5.    Finally, the State asserts that Ball's fifth claim – his maximum and
      consecutive sentences – involves solely matters of state law and that

---

[28] *Id.* at 13-15.

[29] *Id.* at 9-10.

[30] *Id.*

[31] *Id.* at 15-17.

[32] *Id.* at 17-21.

[33] *Id.* at 21-22.

> federal habeas courts cannot review a state court's alleged failure to
> comply with its own sentencing procedures.  Accordingly, it maintains,
> this ground should be dismissed as non-cognizable.[34]

As noted, Ball did not file a traverse.

# III.  Analysis

## A.    Grounds one, four, and five should be dismissed as non-cognizable.

As noted, the State contends that ground one, the failure of the trial court to hold a

hearing on the motion for a new trial; ground four, the classification of Ball as a sexual

predator; and ground five, the alleged failure to comply with state sentencing policy; are

non-cognizable in a federal habeas proceeding.  I agree.  My reasoning on each ground is set

forth in separate sections.

### 1.    Ground one – failure to hold a hearing on motion for a new trial

In Ohio, "[t]he decision on whether to hold a hearing on a motion for a new trial is

within the trial court's discretion."[35]  Matters committed to the discretion of the state trial

court are not, without more, a basis for federal habeas relief.[36]

---

[34] *Id.* at 23-24.

[35] *Ball*, 2004 WL 1125193, at *4, citation omitted.

[36] *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), citing *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).

Here, Ball attempts to cast the failure to hold a hearing as a constitutional due process violation.[37]  However, he does not specify how the federal constitution mandates that he receive a hearing in a matter that state law commits entirely to the trial court's discretion.

Accordingly, because this is a straightforward example of a matter committed to the discretion of the state trial judge, and thus not a constitutional violation, I recommend finding that it is non-cognizable as a ground for habeas relief.

### 2.    *Ground four – classification as a sexual predator*

It is clear that Ohio's classification of an individual as a sexual predator does not create an occasion for the exercise of federal habeas jurisdiction.  In *Leslie v. Randle*,[38] the Sixth Circuit concluded that an individual's classification by Ohio courts as a sexual predator is "more analogous to collateral consequences [of a conviction] such as the loss of the right to vote than to severe restraints on freedom of movement such as parole."[39]  As such, classification as a sexual predator in Ohio does not confer jurisdiction on a federal habeas court.[40]

Accordingly, Ball's claim that he was improperly classified as a sexual predator does not state a cognizable ground for habeas relief and so should be dismissed.

---

[37] ECF # 1 at 4.

[38] *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002).

[39] *Id.* at 523.

[40] *Id*. at 520.

### 3.      Ground five – alleged defects in sentencing

"A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."[41]  Habeas relief is not available for claimed errors of state law.[42]  Habeas relief would be available if Ball could show that the decision of the sentencing court was an unreasonable application of clearly established federal law or contrary to that law[43] and if Ball had fairly presented his sentencing claim to the state courts as a federal constitutional issue.[44]

Here, Ball has neither fairly presented this claim as a federal matter to any court nor asserted that the state sentencing decision was contrary to or an unreasonable application of clearly established federal law.  By not presenting this claim as a federal issue to any Ohio court in the manner prescribed for such presentment,[45] a federal habeas court is without jurisdiction to consider it.

Rather, Ball asserts in his petition that the sentencing court "did not comply with any of the sentencing statutes set forth by the Ohio legislature when it failed to make the proper

---

[41] *Howard v. White*, 76 F. App'x 52, 2003 WL 22146139, at *2 (6th Cir. 2003); *Miller v. Hudson*, No. 1:06-cv-544, 2007 WL 2407067, at *5 (N.D. Ohio Aug. 22, 2007).

[42] *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[43] *Williams v. Taylor*, 529 U.S. 362, 411 (1990).

[44] *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001).

[45] *See*, *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

findings of fact and conclusions of law required to impose maximum and concurrent [sic] sentences."[46]

Even if Ball's claim would somehow escape dismissal on fair presentment grounds or for raising an issue of purely state law, any purported Sixth Amendment violation grounded in the Supreme Court's decision in *Blakely*[47] would be unavailing.  As was recently noted in *Miller*, even if Ball's sentence violated *Blakely*, it would not result in any prejudice to him since, under current Ohio law, Ohio courts may impose any sentence within the applicable statutory range without the need for making any specific judicial findings.[48]  Thus, even if Ball was to be re-sentenced, it is unlikely that the result would be different.

Accordingly, I recommend finding that ground four of Ball's petition be dismissed as non-cognizable.

## B.    Ground two is procedurally defaulted

### 1.    *Standard of review*

The Sixth Circuit has formulated the standard of review applicable to claims of procedural default as follows:

> A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his claim by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claim to the state court; unexhausted claims will not be reviewed by the federal court.  The exhaustion "requirement is satisfied when the highest court

---

[46] ECF # 1 at 6.  It is plain from the record that Ball meant "consecutive" sentences.

[47] *Blakely v. Washington*, 502 U.S. 296 (2004).

[48] *Miller*, 2007 WL 2407067, at *7 (citing *Shafer v. Wilson*, No. 1:06-cv-0648, 2007 WL 315760, at *11 (N.D. Ohio Jan. 30, 2007)).

in the state in which the prisoner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state court while state remedies were available *or* when the petitioner's failure to comply with a state procedural rule prevented the state court from reaching the merits of the claims.

For noncompliance with a state procedure to serve as a bar to habeas review, a state procedure must satisfy the standards set forth in *Maupin v. Smith*. First, there must be a state procedure in place that the petitioner failed to follow. Second, the state court must actually have denied consideration of the petitioner's claim on the grounds of the state procedural default. Third, the state procedural rule must be an "adequate and independent state ground" to preclude habeas review. This inquiry "generally will involve an examination of the legitimate state interests behind the procedural rule in light of the legitimate federal interest in considering federal claims." A state procedural rule must be "firmly established and regularly followed" to constitute an adequate basis for foreclosing habeas review. A state procedural rule is an independent ground when it does not rely on federal law. If these three factors are satisfied, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice."[49]

To establish "cause" for a procedural default, a habeas petitioner must show that "something *external* to the petitioner, something that cannot fairly be attributable to him[,]" precluded him from complying with the state procedural rule.[50] Establishing "prejudice" requires that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional

---

[49] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (internal citations omitted, emphasis in original).

[50] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).

-17-

dimensions"[51] A "fundamental miscarriage of justice" is understood to require proof of "actual innocence."[52]

Ineffective assistance of counsel may provide cause to excuse procedural default, but only if that claim is itself first fairly presented to and exhausted in the state courts.[53] However, a failure to exhaust state remedies on an ineffective assistance of counsel excuse for a procedural default may also be itself excused from procedural default if a federal habeas petitioner can establish cause and prejudice concerning that claim.[54]  But a claim of ineffective assistance of counsel will not serve to excuse procedural default occurring during state post-conviction proceedings because there is no right to counsel in such proceedings.[55]

**2.      *Ground two – that Ball was allegedly denied a fair trial because of misconduct by the victim and by the prosecutor – is procedurally defaulted because Ball raised no contemporary objection to those events at trial.***

Ball here apparently contends that he was denied a fair trial due to the disturbance caused by the victim's crying during defense counsel's closing argument, as well as by the prosecutor asking the jury three times during his closing argument not to re-victimize the victim.[56]

---

[51] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[52] *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003).

[53] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

[54] *Id.*

[55] *Coleman*, 501 U.S. at 752.

[56] *See*, *Ball*, 2004 WL 1125193, at *5.  Ball himself in this habeas petition specifically provides details as to only the alleged witness misconduct, although he also generally refers

The state appeals court here noted that Ball, at trial, "failed to object to the prosecutor's closing argument statements and failed to request a curative instruction for the disturbance.  As noted above, the general rule is that an appellate court [in Ohio] will only consider errors preserved in the trial court."[57]  Since Ball had not preserved these grounds, the state appeals court was forced to proceed only with a "plain error" review.[58]

As the United States Supreme Court has recognized, a habeas petitioner waives any claim for error in Ohio when he does not make a contemporaneous objection at trial.[59]  In this instance, Ball failed to raise an objection or request a curative instruction at trial, and the state appeals court, explicitly citing the state rule in that regard, was barred from reaching the merits of Ball's claims, proceeding instead with an alternative analysis.

The Sixth Circuit has stated that state courts should not fear employing an alternative analysis after invoking a state procedural bar.  In *Scott v. Mitchell*,[60] the Court held that the adequate and independent state law doctrine, when used in the initial denial of consideration of a claim on the merits by a state court, "curtails reconsideration of the federal issue on

---

to "prosecutor misconduct during closing argument."  ECF # 1 at 4.  The details as to the purported prosecutorial misconduct have been gleaned from the state appellate record.

[57] *Id.*

[58] *Id.*

[59] *Osborne v. Ohio*, 495 U.S. 103, 124 (1990).

[60] *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000).

federal habeas as long as the state court explicitly invoke[d] a state procedural bar as a separate basis for the decision."[61]

Here, the state appeals court initially stated that its review of Ball's claims as to witness and prosecutorial misconduct were barred by Ball's failure to make a contemporaneous objection or to request a curative instruction.  That constitutes the application of a recognized state procedural bar to further consideration of the merits of Ball's claims.  Only then did the state court proceed with an alternative analysis under the "plain error" doctrine.  Under the teaching of the Sixth Circuit in *Scott,* the federal habeas court must recognize the state court's initial invocation of the procedural bar despite a later analysis under an alternative test.

Accordingly, I recommend that ground two of this petition be dismissed as procedurally defaulted.

**C.   The state appellate court's denial of ground three – that Ball's conviction for intimidation was against the weight of the evidence and not supported by sufficient evidence – was not an unreasonable application of clearly established federal law.**

*1.    Standard*

The statute mandates that the writ not be granted with respect to any claim that was adjudicated on the merits in state court proceedings, when that court correctly identified controlling federal law, unless that state court decision "involved an unreasonable application

---

[61] *Id.* at 867.

-20-

of clearly established Federal law, as determined by the Supreme Court of the United States...."[62]

The United States Supreme Court has concluded that the statute's reference to an "unreasonable application" of clearly established federal law is different from an incorrect or erroneous application of that law. The Court, in *Williams v. Taylor*,[63] stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."[64]

**2.    *The state appellate court decision on the sufficiency of the evidence for convicting Ball of intimidation was not an unreasonable application of clearly established federal law.***

First, it must be noted that the portion of this ground that seeks relief because the conviction was against the manifest weight of the evidence[65] does not state a constitutional claim for habeas relief. The Constitution "forbids a state to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt."[66] As stated by the Supreme Court in *Jackson v. Virginia*,[67] a conviction is supported by sufficient evidence if,

---

[62] 28 U.S.C. § 2254(d)(1).

[63] *Williams v. Taylor*, 529 U.S. 362 (2000).

[64] *Id*. at 412.

[65] ECF # 1 at 5.

[66] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

[67] *Jackson v. Virginia*, 443 U.S. 307 (1979).

after viewing all the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[68] This standard of review does not permit the federal habeas court to weigh evidence, as would be necessary to resolve a manifest weight of the evidence claim, but gives full play to the state trier of fact to resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to the ultimate facts.[69]

Here, the state appeals court initially stated the relevant elements to the crime of intimidation in Ohio as follows:

> R.C. 2921.04(B) sets forth the relevant elements of intimidation: "[n]o person knowingly, and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing of criminal charges ***." A person acts knowingly when "*** he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901(A)(1).[70]

The court then reviewed Ball's claim that his conviction for intimidation was not supported by sufficient evidence applying the *Jackson* standard as adopted by the Supreme

---

[68] *Id.* at 324.

[69] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[70] *Ball*, 2004 WL 1125193, at *6.

Court of Ohio in *State v. Jenks*.[71]  The court finally found that Ball's conviction for intimidation was supported by sufficient evidence:

> The victim testified that [Ball] repeatedly threatened to stab her or slit her throat.  She testified that [Ball] was concerned that she would report the rape.  She was scared and repeatedly promised him that she would not report the rape because she was afraid of what he might do to her.  Once satisfied that she would not turn him in, he made her return to the party through the woods so the police would not see her.  Her friends testified that when she returned to the party, it took them almost an hour to convince her to report the crime.  Consequently, viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have determined that [Ball] was guilty of intimidation.[72]

Inasmuch as the state court correctly identified the clearly established federal law applicable in this instance and, through a careful recital of various portions of the evidence that directly went to the elements of the crime of intimidation, concluded that a rational trier of fact could have found Ball guilty of this crime, I recommend finding that this decision by the state appeals court was not an unreasonable application of clearly established federal law, and Ball's claim here should be denied.

---

[71] *See*, *id.*, at *6, citing *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

[72] *Ball*, 2004 WL 1125193, at *6.

## IV.  Conclusion

For the foregoing reasons, I recommend that this petition be dismissed in part and denied in part.

Dated:                                                 s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge


### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[73] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).