IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN BALL, | ) CASE NO. 1:05 CV 2120 |
| Petitioner, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| MARC HOUK, WARDEN, | ) Magistrate Judge William H. Baughman, Jr. |
| Respondent. | ) **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (Docket #23) is ADOPTED by this Court. The Petition for Writ of Habeas Corpus filed by Mr. Ball is hereby DISMISSED IN PART and DENIED IN PART.

### Factual and Procedural Background

As set forth by the Magistrate Judge, the factual and procedural background of this case is as follows:

#### I. Introduction

\* \* \*

Ball was convicted in May, 2002, after a jury trial in the Erie County Common Pleas Court, of three counts of rape, which had been merged with one count of kidnapping and one count of intimidation. He was sentenced to a total term of 35 years in prison on all counts4 and found to be a sexual predator. He is currently incarcerated at the Ohio State Penitentiary.

In this petition, Ball asserts five grounds for relief: (1) that the trial court violated his right to due process in not holding a hearing on his motion for a new trial; (2) that he was denied due process and a fair trial due to prosecutorial misconduct in closing arguments; (3) that the verdict was against the weight of the evidence/not supported by sufficient evidence; (4) that the record does not support classifying him as a sexual predator; and (5) that the trial court abused its discretion in imposing the maximum sentence.

The State, in response, argues that (1) Ball's first ground concerning the failure to hold a hearing on a motion for a new trial is non-cognizable in a federal habeas proceeding; (2) the second ground is procedurally defaulted because he made no contemporary objection to any prosecutorial misconduct at trial; (3) the decision of the state appeals court finding sufficient evidence to convict Ball is not contrary to clearly established federal law; (4) the claim arising from his classification as a sexual predator is non-cognizable in a federal habeas court; and (5) the claim relating to sentencing is also non-cognizable in a habeas proceeding since it involves a challenge to the state's sentencing procedure, not a federal constitutional claim. Ball has not filed a traverse. Ball has, however, moved that consideration of this petition be stayed so that he might seek to reopen his state appeal to assert a new claim, not present in the federal habeas petition in this case, concerning the ineffectiveness of his appellate counsel.

For the reasons that follow, I recommend dismissing the petition in part and denying
it in part.

## II. Facts

### A. The underlying offense and trial

The facts as found by the state appellate court are relatively straight-forward. The victim, an 18 year-old female, left a party at a private home where she had been drinking beer and smoking marijuana, but not to the point of intoxication, around 11:00 p.m. She encountered Ball, age 33, when she went outside to her car. He invited her to accompany him in his car to Vermillion, Ohio, to get something to eat, and she accepted.

Once underway, however, instead of proceeding to Vermillion, Ball turned the car onto a dirt road and into a ditch. The victim asked to return to the party, and Ball agreed but told her that, since his door was stuck, they would both need to exit his car from the passenger side.

Ball then attacked the victim as she was attempting to leave the vehicle. He struck her on her head, face, nose, and jaw; pushed her to the ground, and ripped off her pants and underwear. As Ball was removing his clothes, the victim managed to run back to the car, where she attempted to lock herself inside.

Ball, however, reached the car before she could lock the doors. He threatened to slit her throat or stab her with a knife is she did not do what he told her to do. Ball forced the victim to perform oral sex on him while in the passenger seat and then pushed her out of the car onto the ground where he performed oral sex on her.

The victim then pleaded with Ball to use a condom she had in her purse before penetrating her and repeatedly asked him to stop. She was unsure of whether he did actually use the condom when he penetrated her.

After the rape was over, both parties began to put their clothes back on, but before the victim could locate her shoes, Ball grabbed her by the arm and began walking back to the party. Ball told the victim that he was concerned that he could return to prison if it became known what he had done. Because he had previously threatened her, the victim assured Ball that she would not tell anyone about the events that night. Ball, who stated that he had some cocaine to pick up, permitted the victim to walk back alone, provided that she walked through the woods and not on the road where she could be seen by a deputy sheriff.

The victim did arrive back at the party, where one of her friends testified that the crotch area of the victim's pants had been ripped out and she was not wearing shoes. She was crying hysterically and her face was red and swollen. The victim told friends that Ball had struck her and raped her. Although she initially did not want to report this, proposing instead to say that she had been in a fight, she was prevailed upon after an hour of conversation with those friends to report the rape.

The rape was reported at around 2:45 a.m., and the deputy sheriff who took the report testified that the victim's clothes were torn and that she had observable facial injuries. He sent the victim to a sexual assault care unit at a local medical center.

Similar to the deputy's report, the treating nurse that night at the medical center testified that she observed that the victim's nose, left cheek, and right ear had visible injuries. She also performed a rape examination on the victim, which disclosed that there was bruising in the vaginal area, as well as residue of sand and dirt present in the genital area. The nurse, using a rape kit, swabbed the victim's body. Those swabs and the victim's underwear were later tested at Ohio's Bureau of Criminal Investigation lab where they disclosed the presence of semen containing Ball's DNA.

A detective from the Erie County Sheriff's Office interviewed the victim at the health center that night. He testified at trial that her facial injuries were beginning to swell up, that Defense counsel was arguing to the jury that the lack of any injuries to the victim's feet in the report of the examining nurse that night was inconsistent with the victim's testimony that she had walked barefoot through the woods and across a railroad track back to the party. She was visibly upset, but

talking quietly, and that she did not appear to be intoxicated or under the influence of drugs.

At the crime scene, investigators found a condom wrapper, a pair of sandals, a pack of cigarettes and Ball's Ford Mustang. An examination of the car did not find a condom inside nor did it disclose the presence of any bodily fluids on the seats. The victim herself, using photographs, did positively identify Ball as the person who raped her.

As a result of this identification, Ball was arrested. He initially told detectives that he had no contact with the victim that night but later admitted to having seen her in her car. He also admitted having been at the party and using alcohol, marijuana, and Oxycontin. During this interview with detectives, Ball denied having sex with the victim or anyone else that night.

At trial, however, Ball changed his story and testified that he had consensual sex with the victim in the passenger seat of his car. He testified that he had worn a condom and that he had discarded it on the floor of his car. He stated that he did not remember having told the detective that he had no contact with the victim that night.

During closing arguments, the victim began to cry as Ball's attorney began to attack the victim's version of the facts. As she was leaving the courtroom, a conversation took place between the victim's father and defense counsel that was recorded on tape. The appeals court opinion recounted that conversation as follows:

> Defense counsel: That's understandable.
> Participant: Yeah.
> Defense counsel: It really is.
> Participant: Yeah, sure it is.
> Defense counsel: Absolutely.
> Participant: (Inaudible).
> The Court: Just one moment counsel. Keep your conversation to the back, not to the people sitting in the (inaudible).
> Defense counsel: I'd like the record to show –
> The Court: Just –
> Defense Counsel: – what's going on here.
> The Court: (Inaudible).
> Defense Counsel: You, the jurors ***

The case was submitted to the jury, which found Ball guilty on all counts. Prior to sentencing, Ball filed a motion for a new trial based on his assertion that the outburst of the victim during closing arguments, related above, and the "sarcastic" response of her father to defense counsel's comment that it was to be expected that the victim would react emotionally, prevented Ball from having a fair trial. The State filed a response, and the motion was denied without a hearing.

On the same day as the motion for new trial was denied, the trial court conducted a sentencing hearing that also considered declaring Ball a sexual predator. As noted, at the conclusion of that hearing Ball was found to be a sexual predator and was given the maximum sentence for each rape count and for the intimidation count, all four sentences to be served concurrently for a total term of 35 years imprisonment.

**B. Direct state appeals**

Ball timely appealed to the Ohio appeals court, raising the following five assignments
of error:

1. The trial court erred in failing to conduct a hearing on appellant's motion for a new trial based on witness misconduct pursuant to Rule 33(A)(2).

2. Appellant was denied a fair trial due to both prosecution witness misconduct and prosecutor misconduct during closing argument.

3. The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence.

4. The record does not support the trial court's classification of appellant as a sexual predator pursuant to R.C. 2950.09.

5. A) The trial court abused its discretion when it sentenced defendant/appellant to the maximum terms of incarceration.
   B) The trial court abused its discretion when it sentenced the defendant/appellant to maximum consecutive terms.

The State responded in opposition,20 and the state appellate court overruled all of Ball's assignments of error, affirming the conviction and sentence, and finding that Ball is a sexual predator.

Ball, *pro se*, thereupon filed a timely memorandum in support of jurisdiction with the Supreme Court of Ohio seeking a review of the appellate decision. There, Ball advanced the following five propositions of law:

1. It is a constitutional violation when a trial court errors [sic] in failing to conduct a hearing on appellant's motion for a new trial based on witness misconduct pursuant to Rule 33(A)(2).

-5-

2. Appellant was denied a fair trial and due process due to both prosecution witness misconduct and prosecutor misconduct during closing argument.

3. The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence.

4. The record does not support the trial court's classification of the appellant as a sexual predator pursuant to R.C. 2950.09.

5. (A) The trial court abused its discretion when it sentenced appellant to the maximum terms of incarceration.
   (B) The trial court abused its discretion when it sentenced appellant to maximum consecutive terms.

The State filed a memorandum in opposition,24 and, on October 13, 2004, the Ohio Supreme Court denied leave to appeal, dismissing the matter as not involving a substantial constitutional question. Ball did not seek a writ of certiorari from the United States Supreme Court.

**C. Federal habeas petition**

On September 2, 2005, Ball, *pro se*, filed his present petition for a writ of habeas corpus, asserting the following five grounds for relief:

GROUND ONE: It is a constitutional violation when a trial court errors [sic] in failing to conduct a hearing on appellant's [sic] motion for a new trial based on witness misconduct.

Supporting facts: Due process, guaranteed by Section 16, Article I of the Ohio Constitution and the 5th Amendment to the United States Constitution is denied when a trial court fails to conduct a hearing on an appellant's [sic] motion for a new trial based on witness misconduct.

GROUND TWO: Appellant [sic] was denied a fair trial and due process due to prosecution witness misconduct and prosecutor misconduct during closing argument.

Supporting facts: Criminal defendants are entitled to a fair trial under both the Ohio Constitution, Article I, Section 10 and the 5, 6 and 14 Amendments to the United States

|  |  |
|---|---|
|  | Constitution. The chief prosecution witness interrupted defense counsel at the most critical point in his closing argument. |
| GROUND THREE: | The jury verdict was against the manifest weight of the evidence and sufficiency of the evidence. Supporting facts: There is a complete lack of evidence in the record to support a conviction for a violation of R.C. 2921.04(B), intimidation. |
| GROUND FOUR: | The record does not support the trial court's classification of the appellant [sic] as a sexual predator pursuant to R.C. 2950.09. |
| Supporting facts: | The state and court have failed to establish that the appellant [sic] is a sexual predator by clear and convincing evidence and labeling him as such denied him his constitutional right to due process and equal protection under the laws. |
| GROUND FIVE: | The trial court abused its discretion when it sentenced the appellant [sic] to maximum and consecutive terms of incarceration. |
| Supporting facts: | The sentencing court did not comply with any of the sentencing statutes set forth by the Ohio legislature when it failed to make the proper findings of fact and conclusions of law required to impose maximum and concurrent [sic] sentences. |

**D. Return of writ**

The State filed a return of writ alleging that:

1. Ball's first ground for relief – the failure of the trial court to hold a hearing on Ball's motion to dismiss – is non-cognizable in a federal habeas proceeding since whether or not to hold a hearing is a matter of state law.28 Further, the State contends that any issue that may be cognizable here has been procedurally defaulted because no objection to the lack of a hearing was made to the trial court, creating a waiver that was recognized and enforced on appeal.

-7-

2. Ball's second ground for relief – the purported misconduct of the victim and the prosecutor – is also procedurally defaulted because, as with the first ground, no contemporaneous objection was made at trial, resulting in a situation where the state appeals court, which cited to the lack of a contemporaneous objection at trial, could not reach the merits of his claim, but could review only for "plain error."30 In addition, the State maintains that the state appeals court decision as to ground two was neither contrary to nor an unreasonable application of clearly established federal law.

3. As to Ball's third ground for relief – relating to the sufficiency of the evidence to support a conviction for intimidation – the State argues that the decision of the state appeals court finding *sufficient* evidence to support a conviction was not an unreasonable application of clearly established federal law.

4. The State contends that Ball's fourth ground – his classification as a sexual predator – has been definitively held to be non-cognizable in a habeas proceeding by the Sixth Circuit, and so should be dismissed.

5. Finally, the State asserts that Ball's fifth claim – his maximum and consecutive sentences – involves solely matters of state law and that federal habeas courts cannot review a state court's alleged failure to comply with its own sentencing procedures. Accordingly, it maintains, this ground should be dismissed as non-cognizable.

As noted, Ball did not file a traverse.

Report and Recommendation of Magistrate Judge William H. Baughman, Jr., at pp. 1-13 (Docket #23) (citations omitted, refer to Report and Recommendation).

On October 31, 2007, Magistrate Judge Baughman issued a Report and Recommendation (Docket #23), recommending that the Petition filed by Mr. Ball be dismissed in part and denied in part. Specifically, the Magistrate Judge recommends that Grounds One, Four and Five of the Petition should be dismissed as non-cognizable in a Federal habeas proceeding. Ground One, failure to hold a hearing on motion for a new trial, is a matter committed to the discretion of the State trial judge, and thus not a constitutional violation. Ground Four, classification as a sexual

predator, does not confer jurisdiction on a Federal habeas court as it is a collateral consequence of a conviction, rather than a restraint on freedom of movement. *See Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002). Ground Five, alleging defects in sentencing, was not presented as a Federal matter and Petitioner did not assert that the State sentencing decision was contrary to or an unreasonable application of clearly established federal law. Rather, Mr. Ball asserts that the sentencing court "did not comply with any of the sentencing statutes set forth by the Ohio legislature when it failed to make the proper findings of fact and conclusions of law required to impose maximum and concurrent [sic] sentences."

The Magistrate Judge found Ground Two, alleging denial of the right to a fair trial because of misconduct by the victim and the prosecutor, to be procedurally defaulted because Mr. Ball did not raise a contemporary objection to those events at trial. *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990).

The Magistrate Judge found that Ground Three, alleging that Mr. Ball's conviction for intimidation was against the weight of the evidence and not supported by sufficient evidence, was not an unreasonable application of clearly established Federal law. The Magistrate Judge noted that the portion of Ground Three seeking relief because the conviction was against the manifest weight of the evidence does not state a constitutional claim for habeas relief. Rather, the Constitution "forbids a state to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *See Fiore v. White*, 531 U.S. 225, 228-29 (2001). The Magistrate Judge determined that "inasamuch as the state court correctly identified the clearly established federal law applicable in this case and, through a careful recital of various portions of the evidence that directly went to the elements of the crime of intimidation, concluded that a

rational trier of fact could have found Ball guilty of this crime." Accordingly, the Magistrate Judge recommends that the claim asserted by Mr. Ball in Count Three of the Petition be denied as the decision by the State appeals court was not an unreasonable application of clearly established federal law.

On November 15, 2007, Mr. Ball filed a Motion for Extension of Time until December 10, 2007, to file his objections to the Report and Recommendation (Docket #24) which was granted by this Court on November 20, 2007.

Mr. Ball did not file objections to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Petitioner has not filed any objections to the Report and Recommendation. Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

### Conclusion

The Court has reviewed the Report and Recommendation *de novo* and finds it to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Baughman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #23) in its entirety. Grounds One; Four; and, Five of the Petitioner are hereby DISMISSED with prejudice and the claims set forth in Grounds Two and Three are hereby DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 19, 2007